UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JORGE L. RUIZ LIMON,

      Plaintiff,

v.

NISSAN NORTH AMERICA, INC.,

      Defendant.

Case No. 2:22-cv-06263-SB-MRW

ORDER TO SHOW CAUSE RE:
SANCTIONS

On December 9, 2022, the Court entered a Case Management Order (CMO). Dkt. No. 29.  The CMO ordered the parties to complete private mediation by April 28, 2023, to file a status report by May 5, 2023, and to appear on May 12, 2023 for a post-settlement status conference.

On May 5, the parties filed separate status reports indicating that they have not mediated because they have not completed depositions that they wished to complete before mediation.  Dkt. Nos. 37, 38.  The Court did not condition its settlement conference deadline on the completion of depositions, and the parties did not seek a continuance before choosing to ignore the Court-ordered deadline. Nor have the parties shown good cause for such an extension.  Instead, their respective reports appear to indicate a failure of counsel to cooperate effectively and professionally to comply with their joint obligations.

The Court observes that it has previously cautioned the parties in this matter of the need to carefully comply with the Court's orders and of the risk of sanctions for noncompliance.  In its November 2, 20223 order discharging a prior order to show cause (OSC), the Court observed that "[b]oth parties' counsel have failed to fulfill their obligations in this case with the diligence and care that the Court expects from counsel appearing before it."  Dkt. No. 20 at 1.  The Court gave the

parties another chance but cautioned them to carefully comply with all rules and deadlines and warned that sanctions would likely be imposed for future violations:

> Nevertheless, the Court will accept Defendant's untimely answer, discharge the order to show cause, and give the parties one more chance to litigate this action in compliance with the Court's rules. The Court expects both parties to pay careful attention to the Court's rules and deadlines.  Any future violations are likely to result in the imposition of sanctions.

*Id*. at 1–2.  At the mandatory scheduling conference, the Court noted additional mistakes in the parties' joint report and cautioned the parties that "[i]n light of the Court's prior warnings to counsel, . . . any further careless mistakes are likely to result in an order to show cause re:  sanctions directed at counsel."  Dkt. No. 28.

Accordingly, the parties are ORDERED to show cause at an in-person hearing on May 12, 2023 at 8:30 a.m. (the same time as the post-settlement status conference) why they and their counsel should not be sanctioned under Rule 16(f) for their decision to disregard the CMO deadline.[1]  Each side shall also file a written response to this OSC, supported by a declaration of counsel, no later than 8:00 a.m. on May 11, 2023.  In their written responses to the OSC, counsel shall state whether they have ever been the subject of sanctions or an OSC for failing to follow any court rule or order.

       IT IS SO ORDERED.

Date: May 8, 2023

                                  Stanley Blumenfeld, Jr.
                                United States District Judge

---

[1] Plaintiff's status report was filed by attorney Allen Amarkarian, who is not designated as counsel in this case.  Attorney Kevin Jacobson signed the complaint and has been designated as lead counsel for Plaintiff since the inception of this case.  Mr. Jacobson is therefore ordered to respond to the OSC and appear at the OSC hearing.  If Plaintiff maintains that another attorney has effectively been serving as lead counsel, that attorney shall also appear at the hearing.